UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS LUIS individually and as successor in interest to JORDAN LUIS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; CASA DE AMPARO, DOES 1 THROUGH 20; and ESTEE URAM-JARIVS,<br><br>Defendants. | Case No.: 3:17-cv-01486-CAB-(JMA)<br><br>**ORDER ON MOTION TO DISMISS**<br>**[Doc. No. 8]** |

This matter comes before the Court on Defendant Casa De Amparo's ("Casa") motion to dismiss. [Doc. No. 8.] The motion has been fully briefed and the Court finds it suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the following reasons, the motion is granted as to the federal claims in the complaint, and in the absence of those claims, the Court declines to exercise supplemental jurisdiction over the state law claims.

### I. BACKGROUND

Plaintiff filed this suit in district court on July 21, 2017, pursuant to 28 U.S.C. § 1331 and 1391(b)(2), alleging that Defendants violated his and his deceased son's civil rights. [Doc. No. 1.]

Jordan Luis, Plaintiff's deceased son, and Calvin Glass were in the care and custody of the County of San Diego Social Services Foster Care system. [*Id.* at ¶¶ 5, 15, 17.] The two young men were placed at the Shadow Ridge Apartment complex by Defendant Casa. [*Id.* at ¶ 17.] Casa is contracted through the County of San Diego to place individuals in housing. [*Id.*]

On multiple occasions Jordan Luis, and others on his behalf, complained to the employees of Casa and the County of San Diego (the "County') about the increasing hostility between Luis and Glass and demanded Luis be moved. [*Id.* at ¶¶ 18, 19.] Luis' requests were rejected and he continued to be housed with Glass. [*Id.* at ¶ 20.] On July 26, 2015, Glass shot and killed Luis. [*Id.* at ¶ 16.]

Plaintiff asserts claims against all Defendants under 42 U.S.C. § 1983 for three separate Fourteenth Amendment violations related to his son's death, namely: state created danger/failure to protect; loss of parent-child relationship without due process; and deprivation of life without due process (federal survivorship claim). [*Id.* at 7-12.[1]] Additionally, Plaintiff brings a failure to adequately train claim under 42 U.S.C. § 1983. [*Id.* at 12-13.] Plaintiff also brings California state law claims for negligence and wrongful death against Casa. [*Id.* at 13-16.] In his prayer for relief, Plaintiff requests $10,000,000.00 in punitive damages from "all defendants, save defendant COUNTY." [*Id.* at 16.]

On October 2, 2017, Defendant Casa filed a motion to dismiss the first, second and third causes of action brought against it and asking that Plaintiff's request for punitive damages be stricken. [Doc. No. 8.] Defendant seeks dismissal of all of the §1983 claims pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting that Plaintiff has failed to allege or otherwise establish any cognizable constitutional violation. Plaintiff filed his opposition to the motion [Doc. No. 10] and Casa filed a reply [Doc. No. 11].

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Even under the liberal pleading standard of Rule 8(a)(2), which requires only that a party make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

Defendant Casa moves to dismiss Plaintiff's federal causes of action for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Casa's arguments for dismissal primarily concern the viability of Plaintiff's causes of action. Further, Casa requests that the Court strike Plaintiff's claim for punitive damages and decline to exercise supplemental jurisdiction over the state law claims.

### 1. The Fourteenth Amendment Substantive Due Process Claims

The Fourteenth Amendment provides that no state can "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Plaintiff brings suit for violation of his Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983. While § 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights it "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citation omitted); *see also Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).

In order "[t]o establish a § 1983 liability, a plaintiff must show bother (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Place, Inc.,* 698 F.3d 1128, 1138 (9th Cir. 2012). *See also Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (courts "examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the state; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient."); *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) ("A § 1983 claim based upon the deprivation of procedural due process that has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process.").

#### A. Deprivation of a Constitutional Right

"The first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Here, Plaintiff claims his Fourteenth Amendment rights were violated in three ways. The Court will look to each in turn to see if Plaintiff has met the pleading standards to state each § 1983 claim.

### i. Fourteenth Amendment Due Process Claim for Failure to Protect

First, Plaintiff alleges a violation of his son's, Jordan Luis, Fourteenth Amendment substantive due process rights against all Defendants in that they deliberately placed him in a dangerous position that led to his death. [Doc. No. 1 at 7-8.] Defendant Casa seeks dismissal of this claim on the grounds that if fails to allege or otherwise establish any cognizable constitutional violation. [Doc. No 8-1 at 10-12.]

It is well established that the Constitution protects a citizen's liberty interest in her own bodily security. *See, e.g., Ingraham v. Wright*, 430 U.S. 651, 673-74 (1977); *Wood v. Ostrander*, 879 F.2d 583, 589 (9th Cir. 1989). It is also generally established that, "the Fourteenth Amendment's Due Process Clause . . . does not confer any affirmative right to governmental aid" and "typically does not impose a duty on the state to protect individuals from third parties." *Patel v. Kent Sch. Dist.,* 648 F.3d 965, 971 (9th Cir. 2011) (citations and alterations omitted). However, there are two exceptions to this rule, the "special relationship exception" and the "state-created danger exception." *See generally, Henry A. v. Willden,* 678 F.3d 991, 998 (9th Cir. 2012).

The special relationship exception applies "'when a 'special relationship' exists between the plaintiff and the state." *Patel,* 648 F.3d at 971. The exemption applies "when a state takes a person into its custody and holds him there against his will" because "a state cannot restrain a person's liberty without assuming some responsibility for the person's safety and well-being." *Id.* at 971 (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989)). The state-created danger exception applies "when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger.'" *Id.* at 971-72 (citing *L.W. v. Grubbs,* 92 F.3d 894, 900 (9th Cir. 1996)). "If either exception applies, a state's omission or failure to protect may give rise to a § 1983 claim." *Henry A.*, 678 F.3d at 998 (quoting *Patel,* 648 F.3d at 972).

Here, Plaintiff is attempting to raise a claim under the state-created danger exception.[2] The exception imposes liability "for failing to protect an individual from harm by third parties where the state action affirmatively places the plaintiff in a position of danger, that is, where the state action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Henry A.*, 687 F.3d at 1002 (internal quotation marks and citations omitted). In determining whether an official affirmatively placed an individual in danger, courts consider: (1) whether any affirmative actions of the official placed the individual in danger he otherwise would not have faced; (2) whether the danger was known or obvious; and (3) whether the official acted with deliberate indifference to that danger." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062-64 (9th Cir. 2006). Deliberate indifference requires the state actor "must recognize an unreasonable risk and actually intend to expose the plaintiff to such risks without regard to the consequences to the plaintiff." *Patel,* 648 F.3d at 974 (internal quotation marks, changes and citation omitted). The Ninth Circuit has made clear that negligence, or even gross negligence, is not enough for deliberate indifference, deliberate indifference requires a culpable mental state. *L.W.,* 92 F.3d at 898-900. "[T]he deliberate indifference standard, as applied to foster children, requires a showing of an objectively substantial risk of harm and a showing that the officials were subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and that either the official actually drew that inference or that a reasonable official would have been compelled to draw that inference." *Tama v. Dep't of Soc. & Health Servs.,* 630 F.3d 833, 845 (9th Cir. 2010).

Plaintiff alleges that his son, Jordan Luis, was in the care and custody of the County of San Diego and Casa. [Doc. No. 1 at ¶ 14.] Further, Plaintiff alleges that Jordan Luis

---

[2] In his opposition, Plaintiff mentions the applicability of the "special relationship" exemption to the case at bar where, as here, "a state actor has custody over the plaintiff imposing additional responsibility for safety and general well-being." [Doc. No. 10 at 8:1-4.] But, this is the first time the argument is raised and is not the exception under which Plaintiff attempted to make his claim, therefore the Court will not address the applicability of this exception.

had a liberty interest in his own bodily security. [*Id.* at ¶ 23.] Additionally, Plaintiff asserts that by failing to move his son, after receiving multiple requests to do so and after being made aware of the increasing hostility between Jordan Luis and Glass, Defendants affirmatively and intentionally placed Jordan Luis in a dangerous position that he otherwise would not have been. [*Id.* at ¶¶ 25-27.] Further, Plaintiff contends that Defendants' refusal to alter Jordan Luis' living arrangements was done with deliberate indifference to his personal and physical safety and that Defendants "knew of the violent propensities of Calvin Glass and yet continued to house DECEDENT" with Glass. [*Id.*]

Defendant Casa does not dispute that Jordan Luis was in the custody of the County of San Diego Social Services Foster Care system, was being housed at a facility run by Casa and was harmed by a third party, Calvin Glass. Rather, Defendant asserts that Plaintiff does not provide any specifics regarding the information Casa knew regarding Glass, that they had any knowledge that a shooting would take place, or that they even knew Glass had a weapon or had access to one. Further, Defendant posits that Plaintiff just offers conclusory statements about Casa being aware of Glass's violent propensities. The Court agrees. As currently pled, Plaintiff has neither alleged any facts that show the danger that Glass posed was known or obvious to anyone at Casa, nor identified any employees working for Casa who received the complaints regarding the growing hostility between the roommates. Additionally, Plaintiff has not sufficiently alleged that Casa knew that something was going to happen between Glass and Jordan Luis but ignored the risk and exposed Jordan Luis to the danger. *Patel,* 648 F.3d at 974. All that has been offered are conclusions and a formulaic recitation of the elements of the cause of action, absent from the complaint are specific facts that set forth each Defendants role in the alleged constitutional deprivation. Accordingly, the Court concludes that Plaintiff has failed to plausibly allege that Defendant Casa created or exposed Jordan Luis to a danger which he would not have otherwise faced or that it acted with the necessary deliberate indifference to the danger.

### ii. Fourteenth Amendment Substantive Due Process Claim for Loss of Parent-Child Relationship

Second, Plaintiff alleges that the unlawful killing of his son, Jordan Luis, deprived both him and his son of their parent-child relationship, which was guaranteed to them under the Fourteenth Amendment. [Doc. No. 1 at 9-10.] Defendant Casa seeks dismissal of this claim on the grounds that Plaintiff has failed to adequately plead facts sufficient to support the claim. [Doc. No 8-1 at 12-13.]

"It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983." *Lee v. City of L.A.,* 250 F.3d 668, 685 (9th Cir. 2001) (internal citations, quotations, and alterations omitted).[3] To prevail on such a substantive due process claim requires a plaintiff demonstrate the liberty deprivation was caused by the government "in such a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of L.A.*, 147 F.3d 867, 871 (9th Cir. 1998); *see also Schwartz v. Lassen County ex rel. Lassen County Jail*, 2013 WL 5375588, at *5 (E.D. Cal. Sept. 24, 2013) (citations omitted) ("to prevail on a Fourteenth Amendment claim arising out of the loss of familial relationship, a plaintiff must show that the defendant's conduct shocks the conscience."). "This means the conduct must more than offend some fastidious squeamishness or private sentimentalism, but offend even hardened sensibilities." *Ramirez v. Escondido Unified Sch. Dist.*, Case No. 11cv1823 DMS (BGS), 2013 WL 12191986, at *2 (internal quotation marks and citation omitted); *see also Kim v. City of Santa Clara,* No.

---

[3] *See also Robbins v. City of Hanfor*d, Nos. CIV F F 04-6672 AWI SMS, CV F 05-0147 OWW SMS, 2006 WL 1716220, at *14 (E.D. Cal. June 19, 2006) (citing *Gausvik v. Perez,* 392 F.3d 1006, 1008 (9th Cir. 2004) ("[w[here a claim for interference with familial relationships is integrally predicated upon, or entwined with, other conduct that is alleged to be unconstitutional, a finding that the other conduct was constitutional generally will preclude recovery for interference with familial relationship.").

C 09-00025 RS, 2010 WL 2034774, at *6 (N.D. Cal. May 19, 2010) ("What state of mind shocks the conscience depends on the circumstances of a particular case.").

Here, Plaintiff has alleged a liberty interest that, upon the death of his son, he was deprived of his son's society, solace and comfort, companionship." [Doc. No. 1 at ¶ 34.]. Further, Plaintiff alleges that Defendants' decision not to remove Jordan Luis from a dangerous situation that resulted in Glass killing him "was done in a manner that constituted a deliberate indifference to and reckless regard" of Jordan Luis' life and the parent-child relationship "and constituted outrageous behavior that is shocking to the conscience." [*Id.* at ¶ 33.] But, aside from the conclusory statement Plaintiff does not allege any facts showing conduct that shocks the conscience. The only facts presented are that Casa did not transfer one of the roommates and allegedly ignored complaints that there was increasing hostility between Jordan Luis and Glass. But these decisions and behavior, without more, do not rise to the level of egregious official conduct that shocks the conscience. *See generally, Cnty. of Sacramento v. Lewis*, 523 U.S. 833, at 846-847 (1998) (collecting cases illustrating what conduct shocks the conscience and violates the decencies of civilized conduct). Accordingly, the Court concludes that Plaintiff has not alleged facts sufficient to support a Fourteenth Amendment substantive due process violation.

### iii. Fourteenth Amendment Due Process Claim for Deprivation of Life

Finally, Plaintiff alleges that Defendants deprived his deceased son of his life without due process of law under the Fourteenth Amendment. [Doc. No. 1 at 11-12.] Plaintiff is bringing this cause of action as a "Federal Survivalship [sic] Claim via Cal. Civ. Proc. Code § 377.30." [*Id.* at 11.] Defendant Casa does not specifically challenge this cause of action as failing to allege a constitutional right. Rather, Defendant Casa seeks dismissal of this cause of action, along with the other two Fourteenth Amendment Claims, on the grounds that it is not a person acting under color of state law.

A survival action is an action by a decedent's estate to recover damages on behalf of the decedent for injuries the decedent sustained. *Hayes v. County of San Diego*, 736 F.3d

1223, 1228-1229 (9th Cir. 2013) (citation omitted). State law governs who receives a decedent's § 1983 claim. 42 U.S.C. § 1988; *Robertson v. Wegmann,* 436 U.S. 584, 589 (1978). In California, "[e]xcept otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death." CAL. CIV. PROC. CODE § 377.20(a). If an injury giving rise to liability occurs before a decedent's death, the claim survives to the decedent's estate. *Wishum v. California*, Case No. 14-cv-01491-JST, 2014 WL 3738067, at *2 (N.D. Cal. July 28, 2014) (citing CAL. CIV. PROC. CODE § 377.30). Thus, a §1983 survival claim may be prosecuted by a successor in interest "[w]here there is no personal representative for the estate" and "if the person purporting to act as a successor in interest satisfies the requirements of California law." *Tatum v. City & Cnty. of S.F.,* 441 F.3d 1090, 1093 n.2 (9th Cir. 2006).

California law requires any person seeking to commence an action pursuant to section 377.30 execute and file an affidavit setting forth that person's qualifications as a successor. CAL. CIV. PROC. CODE § 377.32.[4] *See also Nishimoto v. Cnty. of San Diego*, Case No.: 3-16-cv-01974-BEN-JMA, 2016 WL 8737349, at *4 (S.D. Cal. Nov. 4, 2016) (finding that Plaintiff had sufficiently alleged she had standing to bring claims as successor in interest for her deceased son to withstand a motion to dismiss because she had submitted a declaration that complied with the requirements of California Code Civil Procedure

---

[4] A person who seeks to commence an action or proceeding as a decedent's successor in interest must execute and file an affidavit or declaration under penalty of perjury stating: (1) decedent's name; (2) the date and place of decedent's death; (3) that "no proceeding is now pending in California for administration of the decedent's estate;" (4) if the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest; (5) either of the following, as appropriate, with facts in support thereof: (A) "The affiant or declarant is the decedent's successor in interest (as defined by Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding." (B) the affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined by Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."; (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding;" (7) "The affiant or declaration affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct. CAL. CIV. PROC. CODE § 377.32(a).

section 377.32); *Wishum*, 2014 WL 3738067, at *2 ("Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the party purporting to act as successor in interest satisfies the requirements of California law.").

Here, Defendant Casa has not disputed the fact that California law authorizes a survival action for § 1983 claims or that Morris Luis, is Jordan Luis' successor in interest. Moreover, on July 24, 2017, Plaintiff filed a Declaration Regarding Standing as Successor in Interest to Claims of Plaintiff Decedent Jordan Luis. [Doc. No. 3.] Plaintiff declares under penalty of perjury that he is the natural parent of Jordan Luis and his successor in interest. [*Id.* at ¶¶ 1, 2; page 2.] Plaintiff also attests that decedent died on July 26, 2015, in Oceanside, California and attaches, as Exhibit A, a certified copy of decedent's death certificate. [*Id.* at ¶ 3; 3-4.] Additionally, Plaintiff, acknowledges "no other person has a superior right to commence the action or be substituted for the decedent in the action, although Estee Uram-Jarvis, mother of the herein decedent, has a right to proceed as successors [sic] in interest in this matter." [*Id.* at ¶ 7.] Further, Plaintiff attests that there is no proceeding now pending in California for administration of his son's estate and that no other person has a superior right to commence the action. [*Id.* at ¶¶ 4, 7.] Within the complaint, Plaintiff also alleges that he is "the successor in interest to his late son, Jordan Luis." [Doc. No 1 at 2.] Accordingly, Morris Luis, as Jordan's father and within his capacity as successor in interest, has alleged sufficient facts and filed the affidavit necessary under California law to demonstrate he has standing to commence a survival action based on the violation of the decedent's constitutional rights.

### B. Deprivation was Committed Under Color of State Law

Defendant Casa contends that there are no facts pled to explain why or how its actions can reasonably be interpreted as state action, therefore the first three causes of action related to the purported Fourteenth Amendment violations should be dismissed. [Doc. No. 8-1 at 8-10.] Plaintiff responds that under either the joint action or the public function test he has adequately pled that Casa was acting under Color of State Law.

The requirement of action under color of state law is essential to state a claim under § 1983. *Adickes v. S.H. Kress &* Co., 398 U.S. 144, 150 (1970). For purposes of a § 1983 claim "private parties are not generally acting under color of state law" and "conclusory allegations, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act." *Price v. State of Hawaii*, 939 F.2d 702, 707-708 (9th Cir. 1992). A plaintiff must do more than make the bald legal conclusion that defendant was acting under color of state law. *Id.* at 708. A plaintiff must show that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982). "The Supreme Court has articulated four tests for determining whether a private party's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Tsao,* 698 F.3d at 1140.

Relevant here are the joint action and public function tests. The joint action test determines "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id.* (citation omitted). A plaintiff can satisfy this requirement "by proving the existence of a conspiracy or by showing that the private party was 'a willful participant in joint action with the State or its agents." *Id.* (citation omitted). "Joint action exists where the government affirms, authorizes, encourages, or facilitates unconstitutional conduct through its involvement with a private entity." *Naoko Ohno v. Yuko Yasuma¸*723 F.3d 984, 996 (9th Cir. 2013) (citations omitted). The public function test "treats private actors as state actors when they perform a task or exercise powers traditionally reserved to the government." *Naoko Ohno,* 723 F.3d at 996 (citations omitted); *Terry v. Adams,* 345 U.S. 461, 469-70 (1953).

Plaintiff identifies Casa as a California Company "which is contracted through [the County of San Diego] to place individuals who are in the care and custody of the San Diego County Social Services Foster Care system into housing." [Doc. No. 1 at ¶¶ 8, 17.] Additionally, Plaintiff makes the conclusory allegation that:

> DEFENDANTS and DOES 1 through 20, inclusive, and each of them, were agents, servants, employees, successors in interest, and/or joint venture of their co-Defendants, and were, as such, acting with the course, scope, and authority of said agency, employment, and/or venture, and that each and every Defendant, as foresaid, when acting as a principal, was negligent in the selection of each and every other defendant as an agent, servant, employee, successor in interest, and/or joint venture. Accordingly, Defendant CASA DE AMPRO and its agents were acting under the color of state law.

[sic] [*Id.* at ¶ 13.]

However, these allegations are not sufficient to establish that Casa conspired with the County of San Diego to deprive Plaintiff and his deceased son of their Fourteenth Amendment rights. Aside from his legal conclusion, the complaint contains no allegations that the two Defendants communicated with each other regarding the housing arrangements of Jordan Luis and Glass, let alone alleges that the parties conspired to create and maintain the allegedly dangerous situation. Neither can it be said that the State of California or County of San Diego derived benefits from or facilitated the allegedly unconstitutional actions. The mere fact that Casa may have signed a contract with the County of San Diego to place individuals in the foster system into housing does not convert Casa into a state actor. *See generally, Rendell-Baker v. Kohn,* 457 U.S. 830, 841-42 (1982) (the mere performance of a public contract does not make the actions of private contractors state action.). Similarly, Plaintiff's complaint offers no allegations that Defendant Casa has become the government in administrating child welfare services or that it was engaged in any activity customarily handled by the State. Under either test, Plaintiff has failed to allege that Casa, as a private corporation, acted under color of state law such that it is properly subject to suit under § 1983. As a consequence the Court **GRANTS** Defendant Casa's motion to dismiss the Fourteenth Amendment violation of substantive due process claims.

### C. Conclusion Regarding Fourteenth Amendment Claims

Plaintiff has failed to plead with the requisite specificity a constitutional or statutory violation and fails to allege that Casa was acting under color of state law. Accordingly, the Court **GRANTS** Defendant Casa's motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Fourteenth Amendment due process claims. If Plaintiff intends to amend his complaint to assert these claims, he is advised that he must allege claims that comport with the aforementioned legal standard.

### 2. Failure to Adequately Train Claim Under 42 U.S.C. § 1983

Defendant Casa's motion to dismiss mistakenly characterizes the failure to adequately train as a state law claim and overlooks the fact that Plaintiff is bringing it under § 1983. Regardless, the Court finds that this claim against Casa also fails.

Municipalities are considered "persons' under 42 U.S.C. § 1983 but liability only attaches when the municipality itself causes the constitutional violations through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978); *see also Long v. Cnty. of L.A,* 442 F.3d 1178, 1185 (9th Cir. 2006). In order to allege a claim for failure to properly train, Plaintiff must include in his pleading enough "factual content" to support a reasonable inference to show that: (1) he was deprived of a constitutional right; (2) the county and city had a policy; (3) the policy amounted to deliberate indifference to his constitutional right; and (4) the policy was "the moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). However, "[m]ere negligence in training or supervision . . . does not give rise to a *Monell* claim." *Doughterty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

As discussed above, Plaintiff has failed to allege that Defendant Casa was acting under color of state law or that he was deprived of his constitutional rights. Additionally, Plaintiff has failed to allege any facts which "might plausibly suggest" that he was subject to a constitutional deprivation pursuant to any municipal custom, policy, or practice

implemented or promulgated with deliberate indifference to his constitutional rights, or that such a policy was the "moving force" or cause of his injury. *See Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal's* pleading standards to Monell claims). Plaintiff merely makes the boilerplate assertion that Defendants' training policies "were not adequate to train its employees to handle the usual and recurring situations with which they must deal, such as the increasing hostility between JORDAN LUIS and Calvin Glass." [Doc. No. 1 at ¶ 42.] Even assuming that a violation of Plaintiff's due process rights occurred, the situation concerning Plaintiff's son and Glass does not demonstrate the existence of a municipal policy or custom, it simply alleges a single occurrence of unconstitutional action. *See McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000) (citation omitted) ("[o]nly if a plaintiff shows that his injury resulted from a permanent and well settled practice may liability attach for injury resulting from a local government custom). Furthermore, Plaintiff has not alleged facts to support the proposition that Defendants were deliberately indifferent with respect to the training or that known or obvious consequences were disregarded. *See, e.g., Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("Deliberate indifference is a stringent standard of fault requiring proof that a municipal actor disregarded a known or obvious consequence of his action."). Neither has Plaintiff alleged facts that Defendants failure to train its employees on how to deal with increasing hostility between roommates in foster care actually caused the shooting of Jordan Luis. As a consequence, the Court **DISMISSES WITHOUT PREJUDICE** the failure to adequately train claim against Defendant Casa.

### 3. Request to Strike

Defendant Casa seeks dismissal of Plaintiff's request for punitive damages on the grounds that Plaintiff has failed to specify facts that illustrate Casa was acting with the requisite intent. [Doc. No. 14-16.]

Under Federal Rule of Civil Procedure 12(f), a district court may strike form any pleading "any redundant, immaterial, impertinent, or scandalous matter." *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). "A Rule

12(f) motion may also be used to 'strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Miles v. National Union Fire Ins. Co. of Pittsburgh, PA,* 2009 WL 4795826, at *6 (quoting *Bureerong v. Uvewas,* 922 F. Supp. 1450, 1479 n. 34 (C.D. Cal. 1996)).

Punitive damages may be assessed in an action under "§ 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Dang v. Cross,* 422 F.3d 800, 807 (9th Cir. 2005) (quoting *Smith v. Wade,* 461 U.S. 30, 56(1983)). However, the Supreme Court has refused to permit the imposition of punitive damages against municipal and local government entities under § 1983. *Newport v. Fact Concerts, Inc.*, 453 U.S.247, 271 (1981) ("[W]e find that considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials.").

Here, the Court need not address Defendant Casa's assertion that Plaintiff is not entitled to punitive damages for the alleged violations of § 1983 "because there can be no damages under § 1983 where there is no underlying constitutional violation." *McClurg v. Maricopa Cnty.*, No. CIV-09-1684-PHX-MHB, 2012 WL 3655318, at *9 (D. Ariz. Aug. 27, 2012). Accordingly, the Court **DENIES WITHOUT PREJUDICE** and **AS MOOT** Defendant Casa's motion to strike Plaintiff's punitive damages claim.

**4. State Law Claims**

"A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.,* 625 F.3d 550, 561 (9th Cir. 2010)) (quoting 28 U.S.C. § 1367 (c)(3)). *See also Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("when a district court dismisses on the merits . . . federal claims over which it ha[s] original jurisdiction, it may then decline to exercise supplemental jurisdiction over the remaining state claims, subject to the factors set forth in § 1367(c)(1)-(4).") "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience,

fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (internal brackets and citation omitted). Here, the remaining claims in the FAC are based on California state law, and "primary responsibility for developing and applying state law rests with the state courts." *Neal v. E-Trade Bank*, No. CIV. S-11-0954 FCD, 2011 WL 3813158, at *4 (E.D. Cal. Aug. 26, 2011). Accordingly, having dismissed the federal claims, and in consideration of the early stage of these proceedings, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See generally Banayan v. OneWest Bank F.S.B.*, No. 11CV0092-LAB WVG, 2012 WL 896206, at *2 (S.D. Cal. Mar. 14, 2012) ("There is no alleged basis for diversity jurisdiction in this case, and the Court is well within its discretion to dismiss a case for lack of jurisdiction when all federal claims have been dismissed and only state law claims over which it has supplemental jurisdiction remain."); *Keen v. Am. Home Mortg. Servicing, Inc.*, No. CIV. S-09-1026 FCD/KJM, 2010 WL 624306, at 1 (E.D. Cal. Feb. 18, 2010) ("[W]hen federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.").

### IV. CONCLUSION

In light of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant Casa's motion to dismiss claims 1 through 3, pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED**;
2. The Fourth Cause of Action for Failure to Train Adequately Train under 42 U.S.C § 1983 is **DISMISSED WITHOUT PREJUDICE**;
3. Defendant Casa's motion to strike the punitive damages claim pursuant to Federal Rule of Civil Procedure 12(f) is **DENIED WITHOUT PREJUDICE** and **AS MOOT**;
4. Having dismissed the only federal claims, and because diversity jurisdiction is lacking, the Court declines to exercise supplemental jurisdiction over the remaining state law claims; and

5. If Plaintiff chooses to file an amended complaint, he must do so **no later than November 27, 2017**. Plaintiff must identify all claims he asserts against Defendant Casa and clearly set forth the necessary factual allegations to support the elements of each claim.

It is **SO ORDERED**.

Dated: November 13, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge